UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS PRESSLEY,           )<br>)<br>Plaintiff,           )<br>)<br>v.           )<br>)<br>ARLETHA R. FOSTER,           )<br>)<br>Defendant.           )<br>          ) | Civil Action No. 08-536 (RMC) |

## ORDER

Federal Rule of Civil Procedure 8 requires that every complaint include "a short and plain statement of the grounds for the court's jurisdiction and of the "claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a), (e)(1). The Court has reviewed the Complaint in this matter, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 2d 237, 239 (D.D.C. 1987). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because subject matter jurisdiction is an Article III as well as a statutory requirement, "no action of the parties can confer subject[]matter jurisdiction upon a federal court." *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The plaintiff bears the burden of establishing that this Court has subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). Jurisdiction in federal district court can be based on a federal question, 28

U.S.C. § 1331, or on diversity, *id.* § 1332.

Plaintiff's Complaint fails to set forth a short and plain statement of this Court's jurisdiction. The Complaint alleges that "Ms. Arletha R. Foster . . . abused [her] powers by inflicting a high amount of taxes on my property (which exceeded my ability to pay on my income from Social Security)." Compl. at 2. Cases regarding assessment of local taxes do not often raise questions of federal law. *See, e.g.*, *Berger Levee Dist. v. United States*, 128 F.3d 679, 681-82 (8th Cir. 1997) ("a review of the . . . complaint reveals that it is grounded solely upon Missouri statutes that authorize the assessment and collection of . . . taxes and that it is devoid of any allegation implicating a federal statute or other substantial federal issue sufficient to confer jurisdiction upon the District Court. . . . [T]he case is remanded to the District Court for dismissal for lack of subject[]matter jurisdiction."). Also, both Plaintiff and Defendant Arletha R. Foster, Assessor of Revenue, are alleged to be citizens of Washington, D.C. Thus, diversity jurisdiction does not apply; Mr. Pressley must take his claims to D.C. Superior Court.

Accordingly, it is hereby

**ORDERED** that the Complaint is **DISMISSED without prejudice**.

**SO ORDERED.**

Date: April 18, 2008                                         /s/
                                                      ROSEMARY M. COLLYER
                                                      United States District Judge